IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **Riccardo Vieri,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**EZ Texting, Inc.,**<br><br>　　　　　　Defendant. | Civil Action No. 7:25-cv-202<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Riccardo Vieri asserts his U.S. Patent 8,156,005[1] in this patent infringement lawsuit against Defendant and alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Plaintiff is an individual, and the named inventor on the patent-in-suit. He has exclusive rights to assert his patent for past and present damages. He wants to litigate in a United States District Court that has a repeatable time to trial in patent infringement litigation of less than two years. The Western District of Texas meets this criteria, and is more convenient for him than anywhere else in the United States due to its location and safety when compared to other U.S. District Courts of the United States competent to handle patent infringement cases.

---

[1] The Patent-in-Suit, the '005 Patent is enforceable through August 18, 2029, which is another four (4) years.

3. Defendant EZ Texting, Inc. is a Delaware Corporation that is located at 1901 W Braker Ln, Ste 100, Austin, TX 78758. On information and belief, EZ Texting, Inc. is 100% owned by CallFire Inc.



*Figure1 – Excerpt from Google Search as last visited on April 25, 2025, https://www.mapquest.com/us/texas/ez-texting-426577174.*

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant under the laws of the State of Texas, due at least to its location in this District and its conducting of substantial business in Texas and purposeful availment of conducting such business in the State of Texas, including within this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringing conduct alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.

6. This Court also has personal jurisdiction over Defendants based on their introduction and delivery of infringing products and services into the stream of commerce with the expectation that such infringing products would be sold and/or used in this judicial district. *See In re Toyota Hybrid Brake Litig.*, 2021 U.S. District LEXIS 124918 (E.D. Tex. Jul. 6, 2021). Nor would the court's exercise of personal jurisdiction over Defendants violate traditional notions of fair play and substantial justice.

7. Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

8. As shown above, venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant has regular and established physical place of business in this District and has committed acts of patent infringement in this District.

## BACKGROUND

9. Plaintiff is the inventor of the Patent-in-Suit titled "Systems and Methods of contextual advertising" and it is referred to as "the '005 Patent."

10. In 2007, the advertising world was experiencing rapid changes. Performance of regular banner advertising and email marketing is declining, and companies are attracted to more innovative forms of advertising, such as pay per performance advertising. Exhibit 1, at Background Section.

11. The 38 patent claims of the '005 Patent, all claim priority from Italian Patent Application No. PO2008A000002, filed on January 22, 2008, which is incorporated herein by reference in its entirety.

12. In 2007, Short Message Service ("SMS") messages had become an important communication method. SMS messages could be sent via the Internet at reduced costs compared to SMS messages sent through cellular telecommunications networks.

13. At part of allowing these patented inventions, the examiner has identified eleven categories on involving the patented technology, including "G06Q30/0252," titled "Targeted advertisements based on events or environment, e.g. weather or festivals." This is patentable subject matter where an organized activity or atmospheric or climatic condition is used in order to promote goods or services.

14. Another search category the examiner identified for prior art is "G06Q30/0241" titled "Advertisements."  This patentable subject matter that drawn to the action of promoting or calling to the attention of the public any goods or services to induce the public to buy or use the goods or services.

15. An additional search category for prior art included is "G06Q30/0242" titled "Determining effectiveness of advertisements." This patentable subject matter "in which an analysis is conducted in order to ascertain the degree to which the intended or expected result of a promotion is achieved."[2]

16. The examiner noted investigation into "Comparative Campaigns" identified as " G06Q30/0243." This patentable subject matter is "drawn to a side-by-side examination of two or more promotions in order to determine which one attains the highest degree of intended or expected results."[3]

---

[2] https://www.uspto.gov/web/patents/classification/cpc/html/cpc-G06Q.html as last visited on August 24, 2024.
[3] https://www.uspto.gov/web/patents/classification/cpc/html/defG06Q.html, as last visited on August 24, 2024.

17. The '005 Patent shared publicly algorithms that shaped the SMS advertising industry. Exhibit 1 at Figures 1 through 10 as described in the '005 Patent specification.

18. The various illustrative logical blocks, configurations, modules, circuits, and algorithm steps described in connection with the embodiments disclosed in the '005 Patent may be implemented as electronic hardware, computer software, or combinations of both. To clearly illustrate this interchangeability of hardware and software, various illustrative components, blocks, configurations, modules, circuits, and features have been described above generally in terms of their functionality.

19. Whether such functionality is implemented as hardware or software depends upon the particular application and design constraints imposed on the overall system. Skilled artisans may implement the described functionality in varying ways for each particular application, but such implementation decisions should not be interpreted as causing a departure from the scope of the present disclosure.

20. In addition, the methods or algorithms described in connection with the embodiments disclosed herein may be embodied directly in hardware, in a software module executed by a processor, or in a combination of the two. A software module may reside in random access memory (RAM), flash memory, read-only memory (ROM), programmable read-only memory (PROM), erasable programmable read-only memory (EPROM), electronically erasable programmable read-only memory (EEPROM), registers, or any other form of storage medium known in the art. Exhibit 1 at Col. 11, lines 11-21.

21. An exemplary storage medium is coupled to the processor such that the processor can read information from, and write information to, the storage medium. In the alternative, the storage medium may be integral to the processor. Exhibit 1 at Col. 11, lines 21-24.

22. The processor and the storage medium may reside in an application specific integration circuit (ASIC). The ASIC may reside in a computing device, a user terminal, or a telephone. In the alternative, the processor and the storage medium may reside as discrete components in a computing device, user terminal, or telephone. Exhibit 1 at Col. 11, lines 24-31.

23. The '005 Patent is cited by prominent companies in their patent applications by themselves and/or United States Patent and Trademark examiners, including Google and Apple.[4]

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,156,005

24. The allegations set forth in the foregoing paragraphs above and therein references are incorporated herein.

25. Plaintiff is the assignee and owner of the right, title and interest in and to the '005 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

26. Upon information and belief, Defendant has directly infringed one or more claims of the '005 patent by making, using, selling, offering to sell, importing and/or providing and causing to be used, products, specifically with **the accused functionality (Exhibit 2)** includes an SMS system that provides companies the ability to send automated and personalized SMS messages to their customers, as explained in the exemplary chart attached hereto as **Exhibit 2**.

---

[4] https://patents.google.com/patent/US8156005B2/en?oq=8%2c156%2c005, as last visited on August 15, 2024.



*Figure 2 - Exhibit 2 at 1.*

27. For example, exemplary features of the Accused Products such as the customized advertisement delivery system found in the Accused Products induce and contribute to infringement of at least Claim 1 of the '005 patent at least from the service of this lawsuit.



*Figure 3 - Exhibit 2 at 7.*

28. The Accused Instrumentalities infringed at least Claim 1 of '005 Patent.

29. This Complaint is in compliance with 35 U.S.C. §287 as no products have ever been commercialized or licensed by patent owner under the '005 patent.

30. Plaintiff has been harmed by defendant's infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has infringed the Patents-in-Suit;

2. Awarding Plaintiff its damages suffered because of Defendant's infringement of the Patents-in-Suit;

3. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

4. Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted,

*/s/* Randall T. Garteiser
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**